**Hui Ru GAO, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3185–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Thomas V. Massucci, New York, New York, for Petitioner.

Kevin J. O'Connor, United States Attorney for the District of Connecticut, H. Gordon Hall, Assistant United States Attorney, William J. Nardini, Assistant United States Attorney, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Hui Ru Gao, through counsel, petitions this Court for review of the Board of Immigration Appeals' ("BIA") decision affirming, without opinion, the decision of an immigration judge ("IJ") denying her application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

Here, the IJ found Gao's testimony incredible based on the contradictory and implausible nature of her testimony. Specifically, the IJ found Gao's testimony

Gonzales is substituted for the former Attorney General John Ashcroft as the respondent

about her knowledge of the legality of practicing Falun Gong, her escape from the police, and her flight to a friend's home to be implausible and contradicted by her asylum application and credible fear interview. *See Secaida–Rosales,* 331 F.3d at 307 (quoting *Diallo,* 232 F.3d at 287). Because the IJ's adverse credibility finding was based on specific examples of inherently improbable testimony and "contradictory evidence," *see Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam* ), the BIA properly affirmed the IJ's decision.

As Gao has not satisfied the standard for granting asylum, she cannot meet the higher standard for granting withholding of removal. *See Ramsameachire,* 357 F.3d at 178. Further, Gao failed to establish that it was more likely than not that she would be tortured if returned to China, and therefore, her claims under the CAT fail as well. 8 C.F.R. § 208.16(c)(2); 8 C.F.R. § 208.18(a); *see also Wang v. Ashcroft,* 320 F.3d 130, 133 (2d Cir.2003).

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).